IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>vs.<br><br>TERRANCE ROBINSON,<br><br>               Defendant. | **8:17CR187**<br><br>**ORDER ON MOTION**<br>**TO COMPEL DISCOVERY** |

This matter is before the Court on the Motion to Compel Discovery (Filing No. 30) filed by Defendant, Terrance Robinson. Defendant filed a Supplement (Filing No. 34) to the motion in accordance with the Criminal Rules of the United States District Court for the District of Nebraska. See NECrimR 12.3(b)(3). The government filed a response (Filing No. 37) to the motion on October 11, 2017. For the reasons stated below, the motion will be granted.

Defendant seeks an order compelling the government to "produce discovery material and information" as set out in his motion supported by a brief. (Filing No. 31). Specifically, the following items are sought by Defendant:

1. *The informant's Omaha Police Department (OPD) arrest records and local criminal history*. In response to this request, the government does not object to disclosing the "local criminal history." As such, that information shall be provided to Defendant in accordance with Court's case progression order (Filing No. 19) and the government's continuing duty to disclose evidence pursuant to Fed. R. Crim. P. 16(c). The government objects to providing the OPD arrest records. While such material may be outside the scope of Defendant's previous request for Rule 16 discovery, see Fed. R. Crim. P. 16(a)(1)(D), the government has a constitutional obligation to disclose any information that is exculpatory in nature, or that affects the credibility of the informant, and is therefore ordered to produce such material to that extent. See, *Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 514 U.S. 419 (1995); and *Giglio v. United States*, 405 U.S. 150 (1986).

2. *The events precipitating the informant's cooperation*. Included in this category of discovery is the social media and gun range video, the search warrant photographs, reports concerning forensic examination of the iPhone or the recording of the informants interview.

(Filing No. 31 at p. 3).  In response to this request, the government does not object to disclosure of discovery materials "to the extent such materials are within the possession, custody and control of the plaintiff."  As such, that material shall be provided to Defendant in accordance with Court's case progression order previously entered and the government's continuing duty to disclose evidence pursuant to Fed. R. Crim. P. 16(c).  See also Fed. R. Crim. P. 16(a)(1)(E).  The government is also reminded of its constitutional disclosure obligations as discussed in the cases cited above.

3.  *The informant's agreement*.  The government does not object to disclosure of discovery materials "to the extent such materials are within the possession, custody and control of the plaintiff."  Clearly, such an agreement fits within that category, and is material to the defense, likely to be used by the government in its case-in-chief in trial, or belongs to Defendant See Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii).  Therefore, the government shall provide the requested materials in accordance with Court's case progression order previously entered and the government's continuing duty to disclose evidence pursuant to Fed. R. Crim. P. 16(c).

4.  *Monetary payments to the informant*.  The government does not object to disclosure of "accounting records which reflect payments made to the confidential informant as required pursuant to *Giglio*."  (Filing No. 37 at p. 2).  However, the government objects to further disclosure of the items requested by Defendant which include those relating to subsistence, relocation, source of funds, purpose of funds, method of transfer of funds, and form of payment.  Also requested by Defendant were materials regarding the informant's request for funds and the amounts of funds.  The government shall provide the requested materials to Defendant in accordance with Court's case progression order previously entered and the government's continuing duty to disclose evidence pursuant to Fed. R. Crim. P. 16(c), and as specifically set out in Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii), but subject to the limitations of  Fed. R. Crim. P. 16(a)(2).  The government is also reminded of its constitutional disclosure obligations as discussed in the cases cited above.

5.  *Preceding CI/Target contacts and communications*.  Included in this category is any information pertaining to the contacts and communications between the informant and Defendant that occurred before the alleged recorded transaction.  To this request, the government does not object to disclosure of discovery materials "to the extent such materials are within the possession, custody and control of the plaintiff."  As such, the method of communication(s)

between the informant and Defendant and the actual communications or recordings, if they still exist, shall be provided to Defendant in accordance with Court's case progression order previously entered and the government's continuing duty to disclose evidence pursuant to Fed. R. Crim. P. 16(c). Further, any additional information that is material to the defense, likely to be used by the government in its case-in-chief in trial, or belongs to Defendant shall be produced under Fed. R. Crim. P. 16(a)(1)(E)(i)-(iii), but subject to the limitations of Fed. R. Crim. P. 16(a)(2). The government is also reminded of its constitutional disclosure obligations as discussed in the cases cited above. Accordingly,

**IT IS ORDERED:**

1.    Defendant's Motion to Compel (Filing No. 30) is granted as set forth above.

2.    The government shall comply with this order on or before October 23, 2017, and on a continuing basis in satisfaction of its obligations as set forth above.


Dated this 13th day of October, 2017.

BY THE COURT:


s/ Michael D. Nelson
United States Magistrate Judge